IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMIL VENTURA PALAFOX<br><br>*Defendant.* | Crim. No. Case No. 1:25-cr-52<br><br>The Honorable Leonie M. Brinkema |

**FILED IN OPEN COURT APR 22 2025 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA**

**PROTECTIVE ORDER**

This matter comes before the Court upon the Motion for Entry of a Stipulated Protective Order (hereinafter, the "Order") by the United States with the consent of the counsel for the defendant, Ramil Ventura PALAFOX, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendants and defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The

materials include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

2. Neither the defendant nor defense counsel may disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure.

3. Defense counsel shall retain custody of the original materials. All reproductions shall be returned to defense counsel, destroyed, or deleted at the conclusion of the case.

4. Defense counsel, the defendant, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Defense counsel may provide copies, via email or otherwise, to the defendant or authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. In the event that the materials to be copied are designated as "Protected Materials" (as defined below in paragraph 11) any personal identifying and confidential information shall be redacted from the copies.

5. Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

8. At the request of the government and consistent with the ethical responsibilities of defense counsel, all <u>Jencks</u> Act, <u>Giglio</u> materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

9. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

10. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

## Protected Material

11. Certain materials to be disclosed by the government contain particularly sensitive information, including personal identifying and confidential information, such as individuals' names, health information, dates of birth, social security numbers, physical addresses, and other individually identifiable information (hereinafter, "Protected Material"). Where Protected Material is produced electronically on disc or external drive, the government shall provide these items to defense counsel in a password-protected or encrypted format. Although only the physical disc or drive (and not the individual electronic files) must be labeled "PROTECTED MATERIAL," the protections set forth above apply to the individual items that contain personal identifying or confidential information. Discovery labeled as PROTECTED MATERIAL will be treated as such and subject to the terms of this Order unless and until, with respect to any particular item or category of discovery, either (a) the parties agree otherwise; or (b) upon motion of the defendant, the Court determines that the government has not established good cause for application of this Order to the discovery at issue.

12. Following the final conclusion of this litigation, including any postconviction proceedings, Defense Counsel shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, to counsel for the United States, or, in the alternative, shall retain the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, in a manner consistent with the terms of this Order.

13.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED.**

Date:  April 22, 2025
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge