IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:25-cr-52 (LMB) |
| RAMIL VENTURA PALAFOX | |
| a/k/a "RV Palafox," | |
| Defendant. | |

## PLEA AGREEMENT

Erik S. Siebert, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, Ramil Ventura Palafox; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

**1.    Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts Six and Fourteen of the Indictment. Count Six charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343. The maximum penalties for this offense are: a maximum term of 20 years of imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years. Count Fourteen charges the defendant with concealment money laundering, in violation of 18 U.S.C. § 1956(a)(l)(B)(i). The maximum penalties for this offense are: a maximum term of 20 years of imprisonment, a fine of the greater of $500,000 or twice the gross gain or loss, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum

supervised release term of 3 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.    Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**3.    Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.    Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness. The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United

States and the defendant stipulate and will recommend to the Court that the following provisions

of the Sentencing Guidelines apply:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| 2B1.1(a)(1) | Base offense level | +7 |
| 2B1.1(b)(1)(L) | Loss exceeded $25,000,000 | +22 |
| 2B1.1(b)(2)(B) | Offense resulted in substantial hardship to five or more victims | +4 |
| 2B1.1(b)(10) | Substantial part of the fraudulent scheme was committed outside the United States and the offense involved sophisticated means and the defendant intentionally engaged in the sophisticated means | +2 |
| 3B1.1 | Defendant was an organizer, leader, manager, or supervisor | +2 |

The United States and the defendant further agree that the defendant has assisted the

government in the investigation and prosecution of the defendant's own misconduct by timely

notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

### 5.    Waiver of Appeal, FOIA, and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.    Immunity from Further Prosecution in This District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts. This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

### 7.    Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts pending against this defendant at the conclusion of this defendant's sentencing hearing.

### 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

**9.      Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**10.      Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the victims have suffered losses totaling at least $62,692,007 and are entitled to restitution in at least that amount.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process. To that end, defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day

provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

### 11. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related or money laundering-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property that constitutes the proceeds of the offense, property facilitating the offense, and property involved in the offense. The defendant agrees that the assets subject to forfeiture include, but are not limited to, the following specific property:

    a.    A monetary judgment in the amount of at least $201,793,818.36, representing the amount of proceeds the defendant personally obtained as a result of the wire fraud scheme and the amount involved in money laundering;

    b.    2001 BMW M3 with VIN # WBSBR93451EX21509;

    c.    2013 Tesla Model S with VIN # 5YJSA1DP9DFP13425;

    d.    2014 Audi A4 with VIN # WAUFFAFL3EN003630;

    e.    2014 BMW 750LX with VIN # WBAYF8C53ED142508;

    f.    2014 Ferrari 458 Special with VIN # ZFF75VFA7E0201996;

    g.    2014 Subaru Impreza with VIN # JF1GV8J61EL002420;

    h.    2015 Mercedes-Benz S550 with VIN # WDDUG8CB8FA082352;

    i.    2016 Bentley Continental with VIN # SCBGU3ZA1GC057321;

    j.    2016 Lamborghini Aventador with VIN # ZHWUR1ZD3GLA04291;

    k.    2016 Rolls-Royce Ghost with VIN # SCA664S58GUX53763;

    l.    2019 Porsche 911 Targa with VIN # WP0BB2A93KS125285;

    m.    2020 McLaren 720 S with VIN # SBM14FCA2LW004656;

n.    2020 Mercedes-Benz G with VIN # W1NYC7HJ5LX363768;

o.    2016 Tesla Model X with VIN # 5YJXCBE4XGF019793;

p.    2020 Lamborghini Huracan with VIN # ZHWUT5ZF7LLA15489;

q.    2020 Porsche Taycan Turbo with VIN # WP0AC2Y11LSA71207;

r.    2021 Land Rover with VIN # SALGU5SE0MA435683;

s.    $56,141.90 in PNC Bank Account # 5532226943;

t.    $41,168.17 in Cathay Bank Account # 34129057;

u.    $45,092.27 in MUFG Union Bank Account # 23513351;

v.    $720,458.50 in Lexicon Bank Account # 1500461;

w.    $36,293.36 in Lexicon Bank Account # 1405744;

x.    Praetorsglobal.com;

y.     $196,711.00 in U.S. Currency seized from a residence in Porter Ranch, California on October 13, 2021;

z.    One Valentino, bow-shaped evening bag, green, red, white cabochon and crystal 10.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

aa.    One Versace bag, smooth black leather, gold Medusa logo, CLG 561 529 273 665 seized from a residence in Porter Ranch, California on October 13, 2021;

bb.    One Louis Vuitton white pochette, multicolor Louis Vuitton logo, bumped corners, 8" wide seized from a residence in Porter Ranch, California on October 13, 2021;

cc.    One Versace purse, black with gold "V" closure, small gold studs, leather stitching seized from a residence in Porter Ranch, California on October 13, 2021;

dd.    One Hermes Birkin bag, black, small scratch to one handle, two bumped bottom corners, 16" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ee.    One Louis Vuitton "Horizon 55", black rolling duffle, 20.5" long seized from a residence in Porter Ranch, California on October 13, 2021;

ff.    One Cartier passport wallet, red leather 5.5" long, monogramed "MMP" seized from a residence in Porter Ranch, California on October 13, 2021;

gg.    One Gucci Rajah Chain tote GG tweed, with matching wallet seized from a residence in Porter Ranch, California on October 13, 2021;

hh.    One Goyard, coated canvas, green "Boeing 45" monogramed "MMP" seized from a residence in Porter Ranch, California on October 13, 2021;

ii.    One Dior handbag, 7.5" wide, gold snake skin bumped corners seized from a residence in Porter Ranch, California on October 13, 2021;

jj.    One Louis Vuitton snake skin wallet, cream, 5.25" long seized from a residence in Porter Ranch, California on October 13, 2021;

kk.    One Louis Vuiton, python skin 12" wide, grey seized from a residence in Porter Ranch, California on October 13, 2021;

ll.    One Large Louis Vuitton Keepall Bandoulier 50, orange, 20.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

mm.    One Louis Vuitton tote bag, multicolor limited edition speedy 30 bandouliere with cards print seized from a residence in Porter Ranch, California on October 13, 2021;

nn.    One Chanel flap boy bag with top handle, blue, original price tag, serial number 26393641, seized from a residence in Porter Ranch, California on October 14, 2021;

oo.    One Hermes Birkin bag, light pink (lavender) with Hermes scarf seized from a residence in Porter Ranch, California on October 15, 2021;

pp.    One Dior pink & multi-color canvas book bag, 8" wide, with original price tag seized from a residence in Porter Ranch, California on October 13, 2021;

qq.    One Louis Vuitton, navy, upside down monogram, limited edition speedy bag, 20" wide seized from a residence in Porter Ranch, California on October 14, 2021;

rr.    One Chanel, beige caviar flap bag, 12" wide seized from a residence in Porter Ranch, California on October 15, 2021;

ss.    One Hermes Birkin bag, grey, 12" wide seized from a residence in Porter Ranch, California on October 16, 2021;

tt.    Dior coin purse, blue, 4.5" wide, logo embossed leather seized from a residence in Porter Ranch, California on October 13, 2021;

uu. One Prada Vitello envelope coin purse, red, 4.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

vv. One Prada Vitello envelope wallet, red 7.8" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ww. One Christian Louboutin Elisa Phone Pouch, pink or salmon box calf leather, 7" high, with original inventory tag and care instructions seized from a residence in Porter Ranch, California on October 13, 2021;

xx. One Dior Flower canvas, medium book tote, 14.25" wide, with original price tag seized from a residence in Porter Ranch, California on October 13, 2021;

yy. One Fendi F, Bifold wallet, zucca leather, 4.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

zz. One Christian Louboutin wallet "Panettone" wallet Spiked printed leather Multicolor, 7.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

aaa. One Yves Saint Laurent wallet, purple, Matelasse Chevron, 4.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

bbb. One Cartier, "Mustline" style shoulder bag with flap, black, two small dents in leather seized from a residence in Porter Ranch, California on October 13, 2021;

ccc. One Goyard "Saigon" purse, top handle, brown & black, 14" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ddd. One Goyard "Saigon" Crocodile purse, turquoise and navy top handle, 10.75" wide, with original inventory tag seized from a residence in Porter Ranch, California on October 13, 2021;

eee. One Christian Louboutin Multicolor "Tarot" tote bag, 9.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

fff. One Yves Saint Laurent red quilted flap bag, Niki handles, 12.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ggg. One Valentino, Ivory rockstud, large quilted shoulder bag, 10.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

hhh. One Louis Vuitton outdoor backpack, canvas, monogram, 17" high seized from a residence in Porter Ranch, California on October 13, 2021;

iii.   One Valentino Garavani, red quilted leather, rock stud shoulder strap and top handle, 9" wide seized from a residence in Porter Ranch, California on October 13, 2021;

jjj.   One Yves Saint Laurent Niki Chain flap bag Matelasse Chevron, dark green, 11.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

kkk.   One Chanel Classic Single flap top handle bag quilted lambskin, black, extra mini, 6.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

lll.   One Chanel Classic Single flap top handle bag quilted lambskin, red, extra mini 6.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

mmm.   One Mini Lady Dior shiny crocodile evening bag, looping handle, bleu zircon (listed as: Turquoise), 6.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

nnn.   One Hermes Touch Birkin bag, alligator top, ostrich bottom, epsom color, purple, 11.5" wide, with protective cover and matching scarf seized from a residence in Porter Ranch, California on October 13, 2021;

ooo.   One Pair Cartier eyeglasses seized from a residence in Porter Ranch, California on October 13, 2021;

ppp.   One Louis Vuitton wallet (listed as "hand purse"), canvas LV logo, with blue and yellow LV logo panel, 7.5" long seized from a residence in Porter Ranch, California on October 13, 2021;

qqq.   One Louis Vuitton black leather, embossed logo, messenger style flap bag, 11.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

rrr.   One Louis Vuitton Backpack, canvas, monogram, 17" high seized from a residence in Porter Ranch, California on October 13, 2021;

sss.   One Goyard Alto Hat box bag, green, 7" diameter, serial numbers 0812019 and 88000133, with original inventory tag seized from a residence in Porter Ranch, California on October 13, 2021;

ttt.   One Goyard coin Case (listed as "wallet"), orange, 4.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

uuu.   One Goyard coin Case (listed as "wallet"), navy, 4.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

11

vvv.  One Gucci, beige Mickey Mouse wallet, 7.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

www.  One Valentino Garavani messenger or crossbody bag, light brown, 10" wide seized from a residence in Porter Ranch, California on October 13, 2021;

xxx.  One Chanel Sequin flap bag, 8.5" wide, serial number 30305759 and matching identification card seized from a residence in Porter Ranch, California on October 13, 2021;

yyy.  One Goyard Duffle bag, 22" wide, monogram "RVP", small rubbed area near foot seized from a residence in Porter Ranch, California on October 13, 2021;

zzz.  One Louis Vuitton sunglasses case, brown, monogram, red interior seized from a residence in Porter Ranch, California on October 13, 2021;

aaaa.  One Louis Vuitton, "Empreinte" giant LV monogram, card holder, Rose color, 4.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

bbbb.  One Louis Vuitton wallet, 7.5" long, embossed monogram, black, small white smudge on front cover seized from a residence in Porter Ranch, California on October 13, 2021;

cccc.  One Gucci half-moon bag, black, monogram, approximately 12" wide seized from a residence in Porter Ranch, California on October 13, 2021;

dddd.  One Louis Vuitton vertical bag, brown canvas logo, 6.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

eeee.  One Louis Vuitton, Discovery Pochette monogram Eclipse, 14" seized from a residence in Porter Ranch, California on October 13, 2021;

ffff.  One Louis Vuitton navy canvas logo zippy pouch, upside down red logo marked "Have a Vuitton Day", approximately 8" high seized from a residence in Porter Ranch, California on October 13, 2021;

gggg.  One Dior book bag, 14.25" wide, white, not pictured seized from a residence in Porter Ranch, California on October 13, 2021;

hhhh.  One Goyard Sénat Pouch GM, orange, 16" wide seized from a residence in Porter Ranch, California on October 13, 2021;

iiii.  One Louis Vuitton "Coussin" bag, zipper top with three sections, navy blue, 13" wide seized from a residence in Porter Ranch, California on October 13, 2021;

jjjj.    One floral Christian Dior bag, black ground, 15.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

kkkk.    One Louis Vuitton Taurillon Capucines wallet, 7.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

llll.    One Goyard Anjou tote PM blue, 13" wide, "flamingo", with coin purse seized from a residence in Porter Ranch, California on October 13, 2021;

mmmm.    One Christian Dior Lady Dior Chain bag "Cannage" quilt red patent leather, 9.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

nnnn.    One Valentino Garavani small rockstud leather handbag, 9" wide seized from a residence in Porter Ranch, California on October 13, 2021;

oooo.    One Chanel "Deauville" studded tote red, 17.75" wide, serial number 26644837 seized from a residence in Porter Ranch, California on October 13, 2021;

pppp.    One Valentino Garvani, studded clutch, black, 6.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

qqqq.    One Chanel "Camelia", flap wallet, red, 4.25" wide, serial number 29580757 seized from a residence in Porter Ranch, California on October 13, 2021;

rrrr.    One Goyard "Vendome" bag, green, 13.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ssss.    One Botega Veneta "Cassette" crossbody bag Intrecciato leather, green, thick Gold Chain, 9.75" seized from a residence in Porter Ranch, California on October 13, 2021;

tttt.    One Chanel coin purse, caviar, quilted, red, 4.25" wide, serial number 28676107 seized from a residence in Porter Ranch, California on October 13, 2021;

uuuu.    One Chanel "Camelia" trifold wallet, black, 4.25" wide, serial number, 2943681 seized from a residence in Porter Ranch, California on October 13, 2021;

vvvv.    One Chanel flap clutch, red quilted leather, 8" wide, serial number 22862023, seized from a residence in Porter Ranch, California on October 13, 2021;

wwww.    One Chanel clutch, quilted lambskin, dark pink, 12" wide, Large "CC" leather logo, serial number 30011421, with original price tag,

identification card seized from a residence in Porter Ranch, California on October 13, 2021;

xxxx.   One Chanel small flap bag with top handle, light pink, 9" wide, serial number 30267110 with matching identification card and original price tag seized from a residence in Porter Ranch, California on October 13, 2021;

yyyy.   One Chanel classic quilted flap bag, peach, Coco handle, 11.25" wide, serial number 30242082 seized from a residence in Porter Ranch, California on October 13, 2021;

zzzz.   One Chanel Classic Double flap bag, quilted lambskin, 11" wide, serial number 29531314 seized from a residence in Porter Ranch, California on October 13, 2021;

aaaaa.  One Chanel purse, quilted caviar jumbo flap bag, blue, 12" wide, serial number 29589234 seized from a residence in Porter Ranch, California on October 13, 2021;

bbbbb.  Hermes "Lindy" blue swift leather handbag, 12" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ccccc.  One Christian Louboutin shoe-shaped crystal clutch, pink with detachable strap, 8" high

ddddd.  One Christian Dior, python saddle bag purse, metal trim and accents, limited edition, 10.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

eeeee.  One Crocodile Hermes Birkin bag, red, 11.625" wide seized from a residence in Porter Ranch, California on October 13, 2021;

fffff.  One Louis Vuitton wallet, brown and tan coated canvas, round coin purse with "Vivienne Venice" motif, zip closure, 3.75" diameter seized from a residence in Porter Ranch, California on October 13, 2021;

ggggg.  One Louis Vuitton wallet, Epi Portofeuil Twist Tri-Fold wallet, red, 4.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

hhhhh.  One Louis Vuitton brown zippy long wallet, "Damier" Christmas animation, bumper cars, 7.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

iiiii.  One Louis Vuitton black, packing cube, 13.5" wide, LV monogram seized from a residence in Porter Ranch, California on October 13, 2021;

jjjjj.  One Louis Vuitton backpack, brown,14.5" wide, rectangular shape, bottom corners lightly bumped seized from a residence in Porter Ranch, California on October 13, 2021;

kkkkk.  One Louis Vuitton light pink, giant monogram and Raffia "By the Pool Hawaii" Edition "OnTheGo", 16.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

lllll.  One Louis Vuitton "Petite Malle", "Game on" handbag, black, multicolor logo, 8" wide, with detachable shoulder strap seized from a residence in Porter Ranch, California on October 13, 2021;

mmmmm.  One Louis Vuitton, black and white "SINCE 1854" toiletry pouch, 9.5" wide,

nnnnn.  One Fendi brown "Peekaboo" handbag, top handle and shoulder strap handbag, woven fabric, 13" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ooooo.  One Dior Saddle bag purse black canvas, silver hardware on strap, 10" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ppppp.  One Louis Vuitton "Surene" Handbag monogram Canvas, 14" wide, red side panels, chain handle seized from a residence in Porter Ranch, California on October 13, 2021;

qqqqq.  One Louis Vuitton "Game On" Speedy Bandouliere 25 white, 9.5" wide, with shoulder strap, seized from a residence in Porter Ranch, California on October 13, 2021;

rrrrr.  One Louis Vuitton "Alma" white crocodile bag, 10" wide seized from a residence in Porter Ranch, California on October 13, 2021;

sssss.  One Versace wallet (listed as: Valentino), black, 6.5" wide, leather loop for key chain seized from a residence in Porter Ranch, California on October 13, 2021;

ttttt.  One Valentino Garavani quilted red purse, black rock studs, 9" wide seized from a residence in Porter Ranch, California on October 13, 2021;

uuuuu.  One Versace "Virtus" black suede crystal clutch, studded (listed as: Valentino), 7.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

vvvvv.  One Valentino, black, rockstud, quilted, shoulder bag, 9" wide, red top handle and patterned shoulder strap, with original price tag seized from a residence in Porter Ranch, California on October 13, 2021;

15

wwwww.      One Valentino wallet on a chain, black, quilted, rock studs, 9" wide with original Neiman Marcus price tag seized from a residence in Porter Ranch, California on October 13, 2021;

xxxxx. One Hermes Compact wallet, Bleu Hydra, 4.75" wide seized from a residence in Porter Ranch, California on October 13, 2021;

yyyyy. One Versace purse (listed as: Valentino), green, snake leather, 12" wide, looping top handle, shoulder strap seized from a residence in Porter Ranch, California on October 13, 2021;

zzzzz. One Hermes Constance wallet, green shiny crocodile, 8" wide seized from a residence in Porter Ranch, California on October 13, 2021;

aaaaaa. One Valentino, rockstud, quilted handbag with butterfly embroidery, 9" wide, with original price tag, extra studs seized from a residence in Porter Ranch, California on October 13, 2021;

bbbbbb.      One Hermes Kelly Long wallet Epsom leather, Rouge Tomate, (red), 6" wide seized from a residence in Porter Ranch, California on October 13, 2021;

cccccc. One pair Yves Saint Laurent, Tribute T-strap platform, beige, size 38, some wear to soles seized from a residence in Porter Ranch, California on October 13, 2021;

dddddd.      One pair Yves Saint Laurent, "Tribute", T-strap platform, black, woven cloth heals, size 38 seized from a residence in Porter Ranch, California on October 13, 2021;

eeeeee. One pair Gucci leather sneakers, lace-up, wear to soles, with shoe bag seized from a residence in Porter Ranch, California on October 13, 2021;

ffffff. One pair Hermes "H" logo slides, stacked heals, beige, crystal embellishments, size 37.5, wear to soles seized from a residence in Porter Ranch, California on October 13, 2021;

gggggg.      One pair Chanel, blue suede open toe wedge-heel shoes, size 38, some wear to soles seized from a residence in Porter Ranch, California on October 13, 2021;

hhhhhh.      One pair Louis Vuitton men's khaki high-tops, LV logo, lined, minor wear to soles seized from a residence in Porter Ranch, California on October 13, 2021;

iiiiii. One pair Manolo Blahnik kitten heal slides, black with crystal, size 38, wear to soles seized from a residence in Porter Ranch, California on October 13, 2021;

jjjjjj.    One pair Louis Vuitton men's canvas loafers, basketball player image seized from a residence in Porter Ranch, California on October 13, 2021;

kkkkkk.    One pair Louis Vuitton men's canvas loafers, multi-color monogram seized from a residence in Porter Ranch, California on October 13, 2021;

llllll.    One Goyard Trunk, green, wood banding, 19" high seized from a residence in Porter Ranch, California on October 13, 2021;

mmmmmm.    One Louis Vuitton monogram, "Eclipse Horizon 55" roller luggage, black, 20" tall, original plastic protection on metal sides seized from a residence in Porter Ranch, California on October 13, 2021;

nnnnnn.    One Louis Vuitton Roller Luggage, blue, 20" tall seized from a residence in Porter Ranch, California on October 13, 2021;

oooooo.    One Goyard Roller Luggage, black, some scratches to leather seized from a residence in Porter Ranch, California on October 13, 2021;

pppppp.    One Designer Wall Clock, resembles a wristwatch, with case seized from a residence in Porter Ranch, California on October 13, 2021;

qqqqqq.    One I-Mac computer, new in box, 27" screen, model No. A2115, new in box seized from a residence in Porter Ranch, California on October 13, 2021;

rrrrrr.    One man's Rolex Cosmograph wristwatch stamped 750KT rose gold, serial #7A537635 sa#1 seized from a residence in Porter Ranch, California on October 13, 2021;

ssssss.    One man's Rolex President wristwatch stamped 750KT yellow gold, Serial#: M6446579 seized from a residence in Porter Ranch, California on October 13, 2021;

tttttt.    One man's Rolex President wristwatch stamped 750KT yellow gold seized from a residence in Porter Ranch, California on October 13, 2021;

uuuuuu.    One man's Rolex Yacht-Master II wristwatch stamped 750KT white gold, Serial#: M071683 seized from a residence in Porter Ranch, California on October 13, 2021;

vvvvvv.    One man's Cartier Roadster wristwatch stamped 750KT white gold, Serial#: 3456CE 2618 seized from a residence in Porter Ranch, California on October 13, 2021;

wwwwww.    One man's Hublot Spirit of Big Bang wristwatch, Serial#: 1377280 seized from a residence in Porter Ranch, California on October 13, 2021;

xxxxxx.    One stamped 750KT white gold lady's Cartier Love Bracelet Bangle Bracelet with a box clasp with a bright polish finish, serial number 68332 seized from a residence in Porter Ranch, California on October 13, 2021;

yyyyyy.    One stamped 750KT white gold lady's Bangle bracelet with a box clasp with a bright polish finish. Trademark is VCA seized from a residence in Porter Ranch, California on October 13, 2021;

zzzzzz. One stamped 750KT white gold lady's Bangle bracelet with a safety clasp with a bright polish finish, trademark is Cartier, seized from a residence in Porter Ranch, California on October 13, 2021;

aaaaaaa.    One stamped 750KT white gold lady's bangle bracelet with a box clasp with a bright polish finish, Cartier Love bracelet is set with 10 diamonds, seized from a residence in Porter Ranch, California on October 13, 2021;

bbbbbbb.    One stamped 750KT white and yellow unisex neck chain 24.5" long, heavy curb link with a lobster claw clasp with a bright polish finish, seized from a residence in Porter Ranch, California on October 13, 2021;

ccccccc.    Louis Vuitton watch case with eight dividers and watch pads, 13.5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

ddddddd.    One man's Rolex Datejust wristwatch stamped, Serial #: 05F62315 seized from a residence in Porter Ranch, California on October 13, 2021;

eeeeeee.    One man's Rolex Sky-Dweller wristwatch, Serial#: X5R81303 seized from a residence in Porter Ranch, California on October 13, 2021;

fffffff. One man's Rolex Yacht-Master wristwatch seized from a residence in Porter Ranch, California on October 13, 2021;

ggggggg.    One man's Cartier wristwatch seized from a residence in Porter Ranch, California on October 13, 2021;

hhhhhhh.    One stamped 14KT yellow unisex neck chain 20.0" long, large braided design with a lobster claw clasp with a bright polish finish seized from a residence in Porter Ranch, California on October 13, 2021;

iiiiiii. One stamped 14KT yellow gold unisex neck chain 22.5" long, large herringbone link with a lobster claw clasp seized from a residence in Porter Ranch, California on October 13, 2021;

jjjjjjj.  One stamped 750KT white and yellow gold unisex pendant and chain 24.0" long, large with a lobster claw clasp seized from a residence in Porter Ranch, California on October 13, 2021;

kkkkkkk.  One stamped 14KT white gold man's identification bracelet with a box clasp with a bright polish finish seized from a residence in Porter Ranch, California on October 13, 2021;

lllllll.  One Chanel black, quilted flap bag, 12" wide, serial number 30024445 seized from a residence in Porter Ranch, California on October 13, 2021;

mmmmmmm.  One stamped 750KT yellow gold lady's ring. Trademark is Cartier seized from a residence in Porter Ranch, California on October 13, 2021;

nnnnnnn.  One Pair Dita sunglasses, white frame with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

ooooooo.  One Pair Tom Ford sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

ppppppp.  One Pair Tom Ford sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

qqqqqqq.  One Pair Valentino sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

rrrrrrr.  One Pair Tiffany eyeglasses with case and logo dust cloth seized from a residence in Porter Ranch, California on October 13, 2021;

sssssss.  One Pair Versace sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

ttttttt.  One Pair Versace designer belt with gold-tone Medusa logo surrounded by crystal seized from a residence in Porter Ranch, California on October 13, 2021;

uuuuuuu.  One Pair Gucci sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

vvvvvvv.  One Pair Gucci sunglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

wwwwwww.  One Pair Cartier eyeglasses, clear frame with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

xxxxxxx.  One Pair Louis Vuitton sunglasses with logo dust cover seized from a residence in Porter Ranch, California on October 13, 2021;

19

yyyyyyy.     One Pair Louis Vuitton eyeglasses with logo case seized from a residence in Porter Ranch, California on October 13, 2021;

zzzzzzz.     One Pair Louis Vuitton sunglasses with LV monogram case seized from a residence in Porter Ranch, California on October 13, 2021;

aaaaaaaa.     One Pair Louis Vuitton folding mirror, LV monogram case seized from a residence in Porter Ranch, California on October 13, 2021;

bbbbbbbb.     One Radiomir, Panerai wristwatch, black dial, Arabic hour markers, exhibition back seized from a residence in Porter Ranch, California on October 13, 2021;

cccccccc.     One Louis Vuitton trunk table clock, 5" wide seized from a residence in Porter Ranch, California on October 13, 2021;

dddddddd.     One Louis Vuitton, monogram, navy, "Apollo" backpack, 14" high x 11" wide seized from a residence in Porter Ranch, California on October 13, 2021;

eeeeeee.     One Louis Vuitton, monogram, heart-shaped, handbag, 8.75" wide with dust bag seized from a residence in Porter Ranch, California on October 13, 2021;

ffffffff. One Louis Vuitton, navy crocodile bag, 12.25" wide seized from a residence in Porter Ranch, California on October 13, 2021;

gggggggg.     Goyard Luggage Set (3 pieces) seized from a residence in Porter Ranch, California on October 13, 2021;

hhhhhhhh.     Two Louis Vuitton - red Luggage Cases, serial numbers S36371 and S36370 seized from a residence in Porter Ranch, California on October 13, 2021;

iiiiiiii.     One Louis Vuitton logo trunk wood banding, serial number MZ06357 seized from a residence in Porter Ranch, California on October 13, 2021;

jjjjjjjj.     $ 5,332.93 in funds from JP Morgan Bank Account # 712306379;

kkkkkkkk.     $ 26,013.05 in funds from JP Morgan Bank Account # 712319307;

llllllll.     The real property and improvement located at 6645 Miners Hope Dr., Las Vegas, NV 89108, and is legally described as:

    LOT SEVENTY-EIGHT (78) IN BLOCK ONE (1), OF RAINBOW PARK II - UNIT 1 AS SHOWN BY MAP THEREOF ON FILE IN BOOK 57 OF PLATS, PAGE 62 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

Tax id: 138-26-215-054;

mmmmmmmmm.    The real property and improvements located at 801 Noahs Star St., Las Vegas, NV 89145, and is legally described as:

PARCEL ONE (1):

LOT FIVE (5) IN BLOCK A OF PECCOLE WEST-LOT 12 A, PHASE I, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 75 OF PLATS, PAGE 100, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND PUBLIC UTILITY PURPOSES ON, OVER AND ACROSS ALL THOSE AREAS LABELED PRIVATE STREETS ON THE MAP REFERENCED HEREINABOVE.

Tax id: 138-31-411-048;

nnnnnnnn.    The real property and improvements located at 15842 Blackhawk St., Granada Hills, CA 91344, and is legally described as:

Lot 10 of Tract No. 18800, in the City of Los Angeles, County of Los Angeles, State of California, as shown on Map filed in Book 479, Page 22 to 24, inclusive of Maps in the office of the County Recorder of said County.

Tax Id: 2668-014-010;

oooooooo.    The real property and improvements located at 2691 Grayson Ct., Simi Valley, CA 93065, and is legally described as:

Lot 36 of Tract No. 1454, in the City of Simi Valley, County of Ventura, State of California, as per Map recorded in Book 36, Page 59 of Maps, in the Office of the County Recorder of said County.

Except one-half of all minerals, oil, gas or other hydrocarbon substances in and under said land, without, however, any right of surface entry or any right of entry in and to the subsurface thereof at a depth of less than 500 feet beneath the surface for the development or removal of said substances, as reserved by Sanger C. Hendrick and Elizabeth J. Hendrick in Deed recorded December 27, 1962 in Book 2251 page 3, Official Records.;

pppppppp.    The real property and improvements located at 20366 Via Galileo, Northridge, CA 91326, and is legally described as:

21

PARCEL NO. 1:

LOT 58 OF TRACT NO. 45297-02 IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF

CALIFORNIA, AS PER MAP RECORDED IN BOOK 1231 PAGES 27 TO 38 INCLUSIVE, OF MAPS AND AMENDED BY CERTIFICATE OF CORRECTION RECORDED NOVEMBER 3, 1998 AS INSTRUMENT NO. 98-2014953, OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM; ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING AT A VERTICAL DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED

DECEMBER 21, 1962 AS INSTRUMENT NO. 4537 IN BOOK D-1863 PAGE 473, OFFICIAL RECORDS.

PARCEL NO. 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, MAINTENANCE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE RENAISSANCE, RECORDED ON MAY 19, 1999, AS INSTRUMENT NO 99-903984 AND ANY AND ALL AMENDMENTS THERETO ("DECLARATION") FOR PHASE 20 OF THE RENAISSANCE, RECORDED ON MAY 29, 2003, AS INSTRUMENT NO. 2003-1519129, ALL RECORDED IN OFFICIAL RECORDS OF LOS ANGELES COUNTY, CALIFORNIA.

Tax ID: 2701-044-014.

qqqqqqqq.    All cryptocurrency in wallet address bc1qsqrxpuspfxlezvalypuh2nzvpk5ctrtxwg4r3ehdkrfnu8jhuz4sudrqx6;

rrrrrrrr. All cryptocurrency in wallet address bc1qg862aspejmavxnxstymsrdh8d05f09uhgtg9s5r0c53u7y3heg5sa69e05;

sssssss.        All cryptocurrency in wallet address
bc1qkwd9c3e28glz7ktpm5km3585wc4q2y653hm48w;

ttttttt.  All cryptocurrency in wallet address
bc1qwvatz46u6rxppqfm7hgulpth3xgvuc3wsd5dne;

uuuuuuu.        All cryptocurrency in wallet address
bc1q8pxaye2uqfqqqw60ux4mx7a92y2wpf5cc3z4t09mvj32v6tefesqzgr4my;

vvvvvvv.        All cryptocurrency in wallet address
bc1qkedurr3700p0rhu4j2s4hmp8fzk6as2sz33amtahula07rtyw7ts9jk2w3;

wwwwwwww.        All cryptocurrency in wallet address
bc1q4dvw02kaeaxqjs68tpu5kyt43k96djuy0pjn6m;

xxxxxxxx.        All cryptocurrency in wallet address
bc1qyf7hk6ggcd7vwt4rys098jmxj0km493ymjechu;

yyyyyyyy.        All cryptocurrency in wallet address
bc1qr6yc5vg74kvdt856ls268mk8pg8zsn5khgc2w2sxe4egpkw53sksym25gu;

zzzzzzzz.        All cryptocurrency in wallet address
bc1qhz43h9wxmgvufdy2n5cqv9stgdr3f9v8ssw0qnj24aw8lhg64rcqquxzu2;

aaaaaaaaa.        All cryptocurrency in wallet address
bc1q2vfl6jxrps03gwvklqacxrsvzplswclqs5q997d7h6ly0r7eel4qtvyew9;

bbbbbbbbb.        All cryptocurrency in wallet address
bc1q3062dujq76l97z4ha668yjsu3wmhy43t6hanq5mdc9sl3u550shskc0lrl;

ccccccccc.        All cryptocurrency in wallet address
bc1qxvy9svkqy5tqft7tlyp4atm6x9n67qc0h2fqen;

ddddddddd.        All cryptocurrency in wallet address
bc1qqgrgagpj7nd4ju5sxjrphap94sades7udfx4sy;

eeeeeeeee.        All cryptocurrency in wallet address
bc1q2s7e8pmxst4z2n2rnpu82zldq3t2dp8k6kqmg7;

fffffffff.        All cryptocurrency in wallet address
bc1qyqevekytwxce4em9a2p2k90hnrz4jswhuuctrz;

ggggggggg.        All cryptocurrency in wallet address
bc1q8u7c6y3rjq2whuu4x5j877ajcf2z97stmaccyln0k39tql5k8sqqw8deud;

hhhhhhhhh.        All cryptocurrency in wallet address
bc1q76swmspv77dgk6c2zdduh3wtd7anmsp5h0ye5p;

iiiiiiiii. All cryptocurrency in wallet address bc1q3y3eel42lfra8sn6cz685t6l74nhhc6g8vrtk0;

jjjjjjjjj. All cryptocurrency in wallet address 36smGLdPsdzGg46JjfyjG3PHrvmq41ZDnx;

kkkkkkkkk.     All cryptocurrency in wallet address
        1MRuRjVCiXNfKe8or6Bd3wsFC6GzLZvEx6;

lllllllll. All cryptocurrency in wallet address
        1QGdCLYuKmvEhWTdHt5qBQguRcr2XpGmhZ ;

mmmmmmmmm.     All cryptocurrency in wallet address
        1JnvWRh77mY2YqBLjFeNp25dmdb5rjxXFW;

nnnnnnnnn.     All cryptocurrency in wallet address
        126XrWpQ1SVUat45nYeagmKxJEcxoDLn24;

ooooooooo.     All cryptocurrency in wallet address
        1YEviyS4z7aXpcJNzhb3BFjeAun9ezFjf;

ppppppppp.     All cryptocurrency in wallet address
        1Pop9wFB6M9uRhuspd52HpAPte5ihnRvBp;

qqqqqqqqq.     All cryptocurrency in wallet address
        15EtVbJF9SAnjYbyPqPF1QbQjBBw5fyAFf;

rrrrrrrrr.       All cryptocurrency in wallet address
        1T7PoQEoMR6KThqwmPvXfvu3bzy2FosoN;

sssssssss.     All cryptocurrency in wallet address
        1JsQfu2BysXtbk1Axd22RauXpQkBYZxJHh;

ttttttttt. All cryptocurrency in wallet address 1FpM8TANyPaXZLdzNuxPAJvxzRw4J5pwg;

uuuuuuuuu.     All cryptocurrency in wallet address
        1BU5iP3R4cjZyLUECYkQdhBwUyctXyVSh;

vvvvvvvvv.     All cryptocurrency in wallet address
        1MZjAuj5mQj5btiUtdoMzkDga8qZCXyoSC;

wwwwwwwww.      All cryptocurrency in wallet address
        1A7r9xAYHQueMMGQWmZgbkbvmFa3Vqy7zL;

xxxxxxxxx.     All cryptocurrency in wallet address
        323SVWjnwUyMpuc6nPvNWRw1mkxUobmfue;

yyyyyyyyy.     All cryptocurrency in wallet address
        bc1qac0syqtsswc4n2ul6cd5g3wyx6pnu2xvhlzglq;

zzzzzzzzz.    All cryptocurrency in wallet address
bc1q7s7l5xwaal55ft7zzjm76kqtmu44dz5re25mh6; and

aaaaaaaaaa.    $15,989.00 in funds paid to Titan Stairs, Inc.

As to the cryptocurrency, the defendant agrees to work with law enforcement to turn over the cryptocurrency at least two weeks prior to sentencing.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense (at least $201,793,818.36) are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

## 12.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by

25

the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating the offense, property used or involved in the offense, and substitute assets for property otherwise subject to forfeiture..

**13.    The Defendant's Obligations Regarding Assets and Financial Investigation**

The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

26

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such assets and financial interests. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were transferred. The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the Asset Recovery Unit of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to

notify the Asset Recovery Unit of the U.S. Attorney's Office of a change in address within 30 days of such change.

The United States will not use any truthful and complete information provided by the defendant pursuant to this paragraph for additional criminal offenses against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides pursuant to defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

### 14.    Breach of the Plea Agreement and Remedies

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.    The United States will be released from its obligations under this agreement.  The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.  Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

## 15.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty.  Any modification of this Plea

Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Erik S. Siebert
United States Attorney

By: _____
Jack Morgan
Assistant United States Attorney


By: _____
Zoe Bedell
Assistant United States Attorney

30

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the criminal Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: _____ August 3, 2025 _____        _____
                                        Ramil Ventura Palafox

**Defense Counsel's Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _____ August 4, 2025 _____        _____
                                        Nate Wenstrup
                                        Counsel for the Defendant

31